UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOLITION CONTRACTORS, INC.,

        Plaintiff,                                 Case No. 1:07-cv-112

v.                                               HON. JANET T. NEFF

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

        Defendant.
_____/

**OPINION**

On April 3, 2009, the Court entered an Opinion and Judgment of $75,000 in favor of plaintiff in this breach of contract action seeking coverage for an insurance claim under a policy issued by defendant Westchester Surplus Lines Insurance Company. Pending now before the Court is plaintiff's Motion to Amend Judgment to Include Interest and Costs (Dkt 80) pursuant to FED. R. CIV. P. 59(e). Defendant has filed a Response (Dkt 82). After consideration of the motions and briefs, the Court concludes that plaintiff is entitled to costs of $375 and prejudgment and postjudgment interest. The Judgment will be amended accordingly.

I. Costs

Plaintiff requests costs of $431.70 as the prevailing party and moves to amend the Judgment to include the award of these costs. The requested costs consist of a filing fee of $350, a "case assessment fee" of $25, and a transcript fee of $56.70 (Pl. Ex. A). Defendant objects to an award

of costs because:  (1) plaintiff failed to follow the proper procedure in seeking costs, and (2) the requested transcript fee of $56.70 is not an allowable cost under 28 U.S.C. § 1920.

Defendant's procedural objection is well-grounded, but not dispositive since the procedural defects do not preclude the Court's consideration of costs.  Defendant offers no authority to the contrary.  Under Rule 54(d), the "prevailing party" automatically is entitled to costs unless a federal statute, rule or court order provides otherwise.  FED. R. CIV. P. 54(d)(1); *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268 (1988).  "[T]he Rule contemplates that applications for costs will be presented in the first instance not to the court but to the clerk; a district judge need not take up the issue at all unless the losing party makes a timely motion for judicial review."  *Id.*; *see also* W.D. Mich. LCivR 54.1.

Properly viewed, a motion for costs falls under Rule 54(d) rather than Rule 59(e).  *Buchanan,* 485 U.S. at 269.  Nonetheless, "[c]ourts will construe a motion, however styled, to be the type proper for the relief requested."  5 AM. JUR. 2d, Appellate Review § 272; *see, e.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.,* 915 F.2d 201, 206 (6th Cir. 1990).  Plaintiff has not presented its request for costs in the usual manner.  Nevertheless, since defendant has objected to plaintiff's request for costs, the matter would have necessitated a decision by the Court even had plaintiff presented a Bill of Costs to the Clerk pursuant to the court rules.  *See* FED. R. CIV. P. 54(d)(1); W.D. Mich. LCivR 54.1.  The Court will therefore consider the substantive merits of plaintiff's request.

Rule 54(d) creates a presumption in favor of awarding costs, but permits the denial of costs at the discretion of the Court where "'it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party.'"  *White & White, Inc. v. Am. Hosp. Supply Corp.,*

786 F.2d 728, 730 (6th Cir. 1986) (quoting *Lichter Found., Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir. 1959) (emphasis in original)).

Defendant objects to the transcript fee of $56.70 on the grounds that the transcript was not used as evidence and was not reasonably necessary for trial. "A judge or clerk of any court of the United States may tax as costs the following: … (2) Fees for printed or electronically recorded transcripts *necessarily obtained for use in the case* … ." 28 U.S.C. § 1920 (emphasis added).

Plaintiff requests $56.70 for a "Transcript Fee–02/23/09," but provides no additional information or documentation. This case was submitted for decision in a bench trial on January 15, 2009 that consisted solely of stipulated exhibits and oral argument. No transcript was submitted as a trial exhibit. Given the lack of information and documentation provided by plaintiff, the Court is unable to determine that the transcript was "necessarily obtained for use in this case," as required under § 1920. "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer,* 161 F.R.D. 341, 344 (E.D. Mich. 1995). Plaintiff has failed to meet its burden; thus, this cost is denied. *See id.* at 345.

With regard to the remaining costs requested, defendant concedes that the $350 filing fee and the $25 case assessment fee are properly taxed under § 1920, if incurred. Ordinarily, the attorney is responsible for providing appropriate documentation of the costs incurred. In this case, the docket shows payment of a filing fee of $350 (Dkt 2/2/07) and a Voluntary Facilitative Mediation fee of $25 (Dkt 6/25/07) on behalf of plaintiff. The Court therefore concludes plaintiff is entitled to requested costs of $375.

II. Interest

Plaintiff requests prejudgment interest pursuant to MICH. COMP. LAWS § 600.6013(8). "Prejudgment interest is a substantive element of damage which must be determined under state law, in this case Michigan law, when jurisdiction is based upon diversity of citizenship." *Perceptron, Inc. v. Sensor Adaptive Machines, Inc.,* 221 F.3d 913, 922 (6th Cir. 2000). Defendant does not contest plaintiff's entitlement to prejudgment interest or the rates of interest applied by plaintiff. Defendant only objects to plaintiff's calculation of the interest as incorrect because plaintiff seeks to have interest for costs from the date the complaint. See Pl. Ex. B. Defendant contends that this is nonsensical because plaintiff would receive interest on costs not yet incurred, but defendant cites no authority under Michigan law for this contention. The Court finds Michigan law to the contrary.

Subsection 6013(8) expressly provides: "Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs." *See also Grow v. W.A. Thomas Co.,* 601 N.W.2d 426, 438 (Mich. Ct. App. 1999) (rejecting the defendants' challenge to the imposition of prejudgment interest on the award of attorney fees and costs). Thus, defendant's objection is without merit.

Plaintiff's Exhibit B calculates interest on a base amount of $75,431.70, which includes interest on the requested costs of $431.70. Since the Court reduced costs to $375, as determined above, plaintiff shall recalculate the prejudgment interest to correct for the reduced costs. Defendant does not contest plaintiff's request for postjudgment interest. Thus, in accordance with the above determinations, plaintiff is entitled to costs of $375 and interest as recalculated on $75,375.

An Amended Judgment will be entered consistent with this Opinion.


DATED: May 11, 2009            /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOLITION CONTRACTORS, INC.,

       Plaintiff,                                        Case No. 1:07-cv-112

v.                                                           HON. JANET T. NEFF

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

       Defendant.
_____/

**AMENDED JUDGMENT**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Judgment is entered in favor of plaintiff and against defendant in the amount of $75,000 and $375 costs, for a total Judgment of $75,375 plus interest.


DATED: May 11, 2009                          /s/ Janet T. Neff
                                                      JANET T. NEFF
                                                      United States District Judge